**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TANCI ISSA BALZAN, #42495-177,** | § | |
| **also known as Tanci Balzan Issa,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-1937-O-BK** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal detainee awaiting extradition to Argentina, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court granted his motion to proceed *in forma pauperis*, but did not order a response pending screening. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

In 2011, the Court certified Petitioner as extraditable to stand trial in Argentina for fraud under 18 U.S.C. § 3184. *United States v. Balzan*, 3:10-MJ-340-BH (N.D. Tex. May 11, 2011) (Doc. 1). Petitioner, through appointed counsel, unsuccessfully appealed the certification and commitment order. *Balzan v. United States*, No. 3:11-CV-1155-N-BH, 2011 WL 4840730 (N.D. Tex. Sep. 11, 2011), *accepting recommendation*, 2011 WL 4840726 (N.D. Tex. Oct. 11, 2011) (denying habeas petition with prejudice), *aff'd*, 702 F.3d 220 (5th Cir. Dec. 7, 2012). Subsequently, proceeding *pro* se, Petitioner unsuccessfully sought clarification of the extradition order through three habeas corpus actions. *See Balzan v. United States*, No. 3:12-CV-4815-D-BK, 2012 WL 6965062 (N.D. Tex. Dec. 11, 2012), *accepting recommendation*, 2013 WL

Page **1** of **5**

373438 (N.D. Tex. Jan. 31, 2013) (summarily dismissing petition under 28 U.S.C. § 2241);

*Balzan v. United States,* No. 3:12-CV-5135-M-BH, 2013 WL 359648 (N.D. Tex. Jan. 11, 2013),

*accepting recommendation,* 2013 WL 362814 (N.D. Tex. Jan. 30, 2013) (summarily dismissing

habeas petition with sanction warning); *Balzan v. United States,* No. 3:13–CV–0174–L–BK,

2013 WL 1339249 (N.D.Tex. Feb. 7, 2013), *accepting recommendation,* 2013 WL 1338292

(N.D. Tex. Apr. 3, 2013) (same).  He did not appeal from the dismissal of his subsequent habeas

petitions.

       Petitioner then sought a transfer to a Florida facility and assurances that he would not be

detained for other offenses, but the Court dismissed that case for want of prosecution.  *See*

*Balzan v. United States*, No. 3:13-CV-0020-L-BK (N.D. Tex. Apr. 2, 2013).  The Court also

denied a subsequent request for mandamus relief, which alluded for the first time to delays in his

extradition.  *Balzan v. United States,* No. 3:13-CV-901-N-BN, 2013 WL 1194400 (N.D. Tex.

Feb. 7, 2013), *accepting recommendation,* 2013 WL 1194469 (N.D. Tex. March 25, 2013).

Although Petitioner did not appeal, he filed a sixth habeas corpus action, claiming he should be

released from custody because of delays in his extradition under Article 12(4) of the Extradition

Treaty between the United States and Argentina ("Extradition Treaty"), and under 18 U.S.C. §

3188.  *Balzan v. United States*, No. 3:13-CV-1370-D-BK (N.D. Tex.).  While that action was

pending, Petitioner filed this, his seventh habeas corpus petition, claiming that he is entitled to be

released from custody under Articles 8(2)(d) and 11(4) of the Extradition Treaty. [1]

Contemporaneous with this recommendation, the undersigned is filing a recommendation that

the sixth petition be denied.  *Id.*

---

[1] While the petition cites to Article 8(d), the allegations confirm that Petitioner intends to rely on Article 8(2)(d).

## II. ANALYSIS

### A.  Summary Dismissal

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[2]

Petitioner is not entitled to habeas corpus relief.  Even liberally construing his pleadings, he fails to show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).

Under Article 8(2)(d) of the Extradition Treaty, a request for extradition must be supported in part by "a statement that neither the prosecution nor the execution of the penalty is barred according to the prescriptive laws in the Requesting State."  *See* Extradition Treaty between the United States of America and the Argentine Republic, U.S.-Arg., June 10, 1997, S. Treaty Doc. No. 105–18, Art. 8(2)(d), 1997 WL 447239, also available at http://www.state.gov/documents/organization.101677.pdf.  Relying on that Article, Petitioner contends that his extradition order is not supported by the "[r]equired documents."  (Doc. 3 at 5-6).  He also appears to claim an "absence of evidence to support one essential element to his extradition."  *Id.* His allegations, however, are conclusory.  Petitioner neither identifies the alleged "documents" nor the purported "essential element" that he claims is missing from the extradition order.

---

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

Moreover, through his appointed counsel, Petitioner appealed the extradition order, which the Court of Appeals subsequently affirmed.  Therefore, his belated attempt to raise an argument under Article 8(2)(d) lacks foundation.

Petitioner's reliance on Article 11(4) of the Extradition Treaty, which concerns provisional arrests, fares no better.[3]  Petitioner has not shown that he was provisionally arrested under Article 11 of the Extradition Treaty.  Even assuming a provisional arrest, Petitioner clearly fails to allege, much less establish, that "the Requested State [the United States] has not received the request for extradition and the supporting documents required in Article 8."  *See* Extradition Treaty Art. 11(4), 1997 WL 447239.  Moreover, as confirmed by the record, Petitioner's extradition was finally adjudicated; the undersigned ordered Petitioner extradited and he unsuccessfully appealed.

### Sanction

In January and April 2013, the Court warned Plaintiff that sanctions may be imposed if he insists in filing frivolous or duplicative habeas actions.  *Balzan,* No. 3:12-CV-5135-M-BH, 2013 WL 362814; *Balzan,* No. 3:13–CV–0174–L–BK, 2013 WL 1338292.  Because the present action clearly disregards the Court's prior orders, Plaintiff should be barred from filing future habeas actions in this Court unless accompanied by a motion for leave to file. "Although the judicial system is generally accessible and open to all individuals, abuse of the process may

---

[3] Article 11(4) of the Extradition Treaty states:

A person who is detained pursuant to this Article may be discharged from custody upon the expiration of sixty (60) calendar days from the date of such provisional arrest if the executive authority of the Requested State has not received the request for extradition and the supporting documents required in Article 8.

Extradition Treaty Art. 11(4), 1997 WL 447239.

result in actions to protect the courts' ability to effectively control the numerous matters filed

therein." *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be summarily **DISMISSED** with prejudice, and that Plaintiff be **BARRED** from filing habeas

corpus actions in this Court without first seeking leave to file.

SIGNED June 12, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE